UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK DANIELS, 79545,

       Petitioner,

  -v-                                      12-CV-1265Sc
                                            **ORDER**

ERIE COUNTY HOLDING CENTER,

       Respondent.

---

The petitioner, Mark Daniels, acting pro se, filed this petition seeking relief pursuant to 28 U.S.C. § 2254 on December 28, 2012, alleging that his conviction in Supreme Court, Erie County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has requested <u>in forma</u> pauperis status and paid the fee. Petitioner's request to proceed as a poor person is granted.

Preliminarily, plaintiff appears to have filed this action before there was a judgement of conviction. A letter he submitted to the Court on January 21, 2013 indicates that he was sentenced on January 18, 2013 to 15 years on the robbery convictions, 7 years for grand larceny, and 1 year for reckless driving. Because petitioner now has a judgement of conviction, he may file the petition. However, for the reasons discussed below, unless petitioner responds as directed below, the petition must be dismissed as premature because the grounds for the petition have not been exhausted.

Section 2254(b)(1)(A) of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state court remedies with respect to each of the grounds raised in the petition. It appears plain from the face of the petition that the petitioner has not exhausted his New York State Court remedies. Specifically, because petitioner has not appealed his conviction or brought any State Court post conviction remedies, he cannot have exhausted his claims. In order to properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. O'Sullivan v. Boerckei, 526 U.S. 838, 839-40 (1999); e.g., Jordan v. LeFevre, 206 F.3d 196, 198 (2d Cir.2000). A petitioner may also exhaust his state court remedies by pursuing his claims through a full round of state post-conviction proceedings. 2 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 23.3b, at 671 (1994) (citing Castille v. Peoples, 489 U.S. 346, 350-51 (1989)).

While it appears from the face of the petition that the petition should be dismissed due to petitioner's failure to exhaust his state court remedies with respect to each of the claims raised in the petition, the United States Court of Appeals for the Second Circuit has held that a federal district court should not **sua sponte** dismiss a federal habeas claim on the basis of petitioner's failure to exhaust without first providing the petitioner notice and opportunity to be heard. E.g., Acosta v. Artuz, 221 F.3d 117, 121-24 (2d Cir.2000) (courts may not **sua sponte** raise

nonjurisdictional defenses without affording inmate "notice and an opportunity to be heard" relative to the proposed dismissal); Klem v. Brunelle, 96-CV-0807, 1999 WL 603824, at *2 n. 3 (W.D.N.Y. Aug.9, 1999)(exhaustion requirement applicable to federal habeas corpus petitions is not jurisdictional but rather a principle of comity)(citation omitted).

Accordingly, petitioner is directed to show cause by filing an affidavit or affirmation, within **thirty (30) days** from the date of this Order, why the instant petition should not be barred for failure to exhaust the claims raised in the petition. No response shall be required from respondent at this time.

Petitioner is advised that his failure to comply with this Order as directed will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court without further order or notice to petitioner. If petitioner does not comply with this Order within **30 days** from the date of this Order, the Clerk of the Court is directed to dismiss the petition without prejudice. Such dismissal shall not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   February 27, 2013
         Rochester, New York